IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 4, 2021

## SALLIE TAYLOR v. DUSHUN TAYLOR

**Appeal from the Circuit Court for Shelby County**
**No. CT-5297-19          Gina C. Higgins, Judge**

_____

### No. W2020-00520-COA-R3-CV

_____

The plaintiff commenced the instant action by causing a detainer warrant to be filed against the defendant in the Shelby County General Sessions Court ("general sessions court") on September 23, 2019, alleging that the defendant had been unlawfully inhabiting the residence at issue. The general sessions court subsequently entered a judgment in favor of the plaintiff. Upon appeal, the Shelby County Circuit Court ("trial court") entered a final judgment in favor of the plaintiff, determining that she had submitted sufficient proof to demonstrate superior ownership of the residence. The defendant has appealed. However, due to significant deficiencies in the defendant's brief, we conclude that he has waived consideration of any issues on appeal. Accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY W. ARMSTRONG, JJ., joined.

Dushun Taylor, Memphis, Tennessee, Pro Se.

Sallie Taylor, Memphis, Tennessee, Pro Se.

### MEMORANUM OPINION[1]

---

[1] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Proceeding originally with the benefit of counsel, the plaintiff, Sallie Taylor, commenced the instant action by causing a detainer warrant to be issued against the defendant, Dushun Taylor, in general sessions court.[2] Sallie Taylor alleged, *inter alia*, that Dushun Taylor was unlawfully inhabiting the residence located at 3773 Kentwood Lane, Memphis, Tennessee 38118 ("the residence"), due to his noncompliance with a previously entered, mediated settlement agreement. The agreement appears in the appellate record, enumerating the terms and conditions by which Dushun Taylor had to abide in order to continue inhabiting the residence. It is undisputed that Dushun Taylor had previously resided in the residence with Mary N. Taylor ("Decedent"), who died intestate in 2017. Following Decedent's death, Annie Tate, a sibling of Decedent and one of the heirs apparent to the residence, commenced a separate action against Dushun Taylor, purportedly on behalf of the heirs, including Sallie Taylor, in general sessions court, seeking to claim ownership and possession of the residence. The matter was subsequently adjudicated pursuant to the aforementioned mediated settlement agreement.

In the case at bar, the general sessions court entered a judgment in favor of Sallie Taylor, which Dushun Taylor appealed to the trial court. On appeal, Sallie Taylor filed a "Notice of Filing of Affidavits of Co-Owners" on February 5, 2020, wherein she attached affidavits of eleven purported heirs to the residence. The affidavits were signed, dated, and contained a notary acknowledgment with notary signature. Each affidavit included a statement that the individual executing the affidavit agreed with Sallie Taylor's attempt to remove Dushun Taylor from the residence.

After the trial court heard testimony and received exhibits, including a sworn affidavit of heirship,[3] the court entered a final judgment on March 9, 2020, stating:

> THIS CAUSE came to be heard on the 14th day of February, 2020, upon the Detainer Warrant No 2015115 filed by the Plaintiff, Sallie Taylor, the General Sessions Judgment in favor of Plaintiff, the Appeal of the General Sessions Judgment to the Circuit Court of Shelby County, Tennessee, testimony by the Plaintiff, Sallie Taylor, Annie Tate, John T. Taylor, and the Defendant, Dushun Taylor, exhibits received in to evidence, and the entire record in this cause from all of which the Court finds as follows:
>
> 1.      This Court has jurisdiction over the parties and the subject matter in this cause.

---

[2] Due to the parties' shared surname, we will refer to the parties by their first and last names. No disrespect is intended.

[3] The sworn affidavit of heirship was witnessed by an unrelated party and contained a notary acknowledgment and signature. The affidavit of heirship included, *inter alia*, a list of relatives of Decedent, all of whom had previously filed affidavits in support of the action against Dushun Taylor.

2.     [Sallie Taylor] provided sufficient proof that she has superior ownership interest of [the residence] over [Dushun Taylor]. The fact that [Sallie Taylor] only has a shared interest in the property is still sufficient. [Sallie Taylor] is not required to be the sole owner or to have the written permission of all of the other owners.

3.     [Sallie Taylor] is granted possession of [the residence].

4.     Dushun Taylor has thirty (30) days from the entry of this Final Judgment to vacate the premises.

5.     A Judgment is granted in favor of Sallie Taylor against Dushun Taylor for the amounts due under their settlement agreement along with costs. Said Judgment totals $2,651.86 which includes rent of $0 from August 1, 2019 through February 29, 2020 (proof insufficient), $596.99 in City of Memphis taxes, $723.94 of Shelby County taxes, and Insurance of $0 (proof not sufficient). The court extends amounts for taxes thru March 2020 as part of agreement term.

6.     Any remaining costs in this matter shall be assessed against [Dushun Taylor] for which let execution issue if necessary.

SO ORDERED, ADJUDGED, and DECREED, this 9th day of March, 2020.

Following the trial court's entry of the final judgment, Dushun Taylor filed a motion for stay pending an appeal, which the trial court granted. Also subsequent to entry of the final judgment, Sallie Taylor ostensibly discharged her counsel. Dushun Taylor timely appealed to this Court and subsequently filed a notice that no transcript or statement of the evidence would be filed pursuant to Tennessee Rule of Appellate Procedure 24.

On appeal, Dushun Taylor filed a handwritten document entitled, "Appellant Brief," which this Court considers to be the principal brief of the appellant. Upon careful review of this filing, however, we determine that Dushun Taylor has failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6.

We recognize that Dushun Taylor is a *pro se* litigant and respect his decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R.I. 1987). Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. *Oko v. Rogers,* 125 Ill. App. 3d 720, 81 Ill. Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id*. Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. May 20, 2010) (quoting *Whitaker v. Whirlpool Corp*., 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

As a threshold matter, we address, *sua sponte*, Dushun Taylor's failure to comply with the applicable Tennessee Rules of Appellate Procedure and the rules of this Court. Tennessee Rule of Appellate Procedure 27 states in pertinent part:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

   (1) A table of contents, with references to the pages in the brief;

   (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

   * * *

   (4) A statement of the issues presented for review;

   (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

   (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)    An argument, which may be preceded by a summary of argument, setting forth:

    (A)    the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

    (B)    for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

(8)    A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

(a)    Written argument in regard to each issue on appeal shall contain:

    (1)    A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

    (2)    A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

    (3)    A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

    (4)    A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b)    No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or

pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Taking into account and respecting Dushun Taylor's self-represented status, we still must conclude that his appellate brief contains numerous significant deficiencies with regard to the above-listed requirements. The entire substance of his appellate brief provides as follows:

I Dushun Taylor [am] appealing the ruling from Shelby County Circuit Court. I have been a resident at [the residence] for over 10 years. My aunt that I was living with died over 3 years ago unexpectedly without a will. I'm requesting my case be heard in the Courts of Tennessee in Jackson.

Dushun Taylor's brief on appeal fails to comply with the requirements concerning the inclusion of a statement of the issues, statement of the case, table of contents, and table of authorities. *See* Tenn. R. App. P. 27(a)(1), (2), (4), (5). As this Court has previously explained:

The requirement of a statement of the issues raised on appeal is no mere technicality. First, of course, the appellee is entitled to fair notice of the appellate issues so as to prepare his or her response. Most important, this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed. On appeal, "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13.

*Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at \*4 (Tenn. Ct. App. Dec. 22, 2011).

Additionally, Dushun Taylor's brief contains neither a statement of the facts, as required by Tennessee Rule of Appellate Procedure 27(a)(6), nor any argument, as required by Tennessee Rule of Appellate Procedure 27(a)(7). Importantly, Dushun Taylor's entire appellate brief also contains no citations to the record on appeal and no citations to any legal authority in support of his position. *See* Tenn. R. App. P. 27; Tenn. Ct. App. R. 6. *See Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.").

As this Court has explained:

> For good cause, we may suspend the requirements or provisions of these rules in a given case. However, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court. *Crowe v. Birmingham & N.W. Ry. Co.,* 156 Tenn. 349, 1 S.W.2d 781 (1928). Plaintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review. *See Duchow v. Whalen,* 872 S.W.2d 692 (Tenn. Ct. App. 1993); *see also Lucas v. Lucas,* 1998 WL 136553 (Tenn. Ct. App. March 27, 1998).

*Bean*, 40 S.W.3d at 54-55.

In the instant case, the deficiencies within Dushun Taylor's appellate brief are so substantial that it is difficult for us to discern his issues, arguments, and the relevant facts. As this Court determined in *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014):

> We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

Similarly, we cannot unfairly disadvantage Sallie Taylor in this matter by serving as Dushun Taylor's attorney. *See id.* Therefore, any issues presented on appeal by Dushun Taylor are deemed waived. *See Bean*, 40 S.W.3d at 54-55.

We recognize that Sallie Taylor has requested, in the conclusion of her appellate brief, that this Court award her attorney's fees and expenses incurred in defending against this action and against a "frivolous" appeal. However, we determine that Sallie Taylor has not properly raised an issue on appeal concerning attorney's fees. As this Court has explained, "Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4)" in order to be properly before this Court. *See In re Estate of Burke*, No. M2012-01735-COA-R3-CV, 2013 WL 2258045, at *6 (Tenn. Ct. App. May 21, 2013) (quoting *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001)). Because Sallie Taylor's issue of attorney's fees is not properly before this Court on appeal, we determine this issue to be waived. *See Gibson v. Bikas*, 556 S.W.3d 796, 810 (Tenn. Ct. App. 2018).

## Conclusion

For the reasons stated above, the appeal of this cause is dismissed. The case is remanded to the trial court for collection of costs assessed below. Costs on appeal are assessed to the appellant, Dushun Taylor.


s/ Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE